UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DARIN BRASKY | X | |
|       *Plaintiff* | X | |
| | X | Civ. No. 3:20-cv-1660 |
| V. | X | |
| | X | |
| YAKUBJON MAMATKULOV, SANTIAGO | X | |
| RODRIGUEZ, and DT&T LOGISTICS, INC., | X | JURY TRIAL DEMANDED |
| | X | |
|       *Defendants.* | X | |
| | X | |
| | X | |
| | X | November 4, 2020 |

# COMPLAINT

**PARTIES AND JURISDICTION:**

1. The plaintiff, Darin Brasky, is a citizen of the State of Connecticut, residing in Madison, Connecticut.

2. The defendant, Yakubjon Mamatkulov, is a citizen of the State of New York, residing in Brooklyn, New York.

3. The defendant, Santiago Rodriguez, is a citizen of Texas, residing in Houston, Texas.

4. Upon information and belief, the defendant, DT&T Logistics, Inc., is a corporation organized and existing under the laws of Illinois, with its principal place of business located in Arlington Heights, Illinois.

5.   The jurisdiction of this Court is asserted pursuant to 28 U.S.C. §1332 in that the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**FIRST COUNT:** **(Negligence against Defendant Yokubjon Mamatkulov)**

1-5.   The plaintiff repeats and re-alleges the allegations contained in paragraphs one through five as if they were set forth fully herein.

6.   On December 2, 2019, plaintiff Darin Brasky was employed by the State of Connecticut Department of Transportation.

7.   On December 2, 2019, at approximately 11:22 p.m., the plaintiff, Darin Brasky, was operating a 2012 orange Freightliner dump truck, owned by the State of Connecticut, in the right lane of I-95 in a southbound direction in Old Lyme, Connecticut, applying salt to the highway.

8.   At that date, time and place, defendant Yokubjon Mamatkulov (hereinafter "Mamatkulov") was operating a 2012 red Freightliner Tractor with trailer in the right lane of I-95 in a southbound direction in Old Lyme, Connecticut, behind the Brasky vehicle.

9.   At that date, time and place, the 2012 Freightliner Tractor being operated by defendant Mamatkulov was owned by Santiago Rodriguez.

10.   At that date, time and place, defendant Mamatkulov was an agent, servant, employee and/or statutory employee of Santiago Rodriguez and was operating the 2012

2

Freightliner Tractor within the course and scope of his employment and/or was otherwise authorized and permitted to operate that tractor.

11. At that date, time and place, defendant Mamatkulov was an agent, servant, employee and/or statutory employee of DT&T Logistics, Inc., and was operating the 2012 Freightliner Tractor within the course and scope of his employment and/or was authorized by DT&T Logistics, Inc. to operate the tractor.

12. At that date, time and place, I-95 was an open and public highway of the State of Connecticut.

13. At that time, date and place, as he approached the rear of the truck then being operated by Darin Brasky, defendant Mamatkulov failed to slow his tractor and struck the rear of that truck.

14. This collision and the resulting injuries and losses suffered by Darin Brasky were due to the negligence of defendant Mamatkulov in one or more of the following ways:

    a. he operated his vehicle at a rate of speed greater than is reasonable, having regard to the width, traffic, use of the highway and weather conditions, in violation of Conn. Gen. Stat. Ch. 248, Sec. 14-218a;

    b. he operated his vehicle at a rate of speed greater than sixty-five miles per hour, in violation of Conn. Gen. Stat. Ch. 248, Sec. 14-219;

   c. he operated his vehicle more closely than was reasonable and prudent, having regard for the speed of such vehicles, the traffic upon and the condition of the highway and weather conditions, in violation of <u>Conn. Gen. Stat.</u> Ch. 248, Sec. 14-240;

   d. he failed to keep a proper and reasonable lookout for other vehicles on the highway;

   e. he failed to keep his vehicle under proper and reasonable control;

   f. he failed to apply his brakes in time to avoid a collision, although by a proper and reasonable exercise of his faculties, he could have and should have done so; and

   g. he failed to turn his vehicle so as to avoid a collision, although by a proper and reasonable exercise of his faculties, he could have and should have done so.

15. As a result of this collision and the negligence of defendant Mamatkulov described above, Darin Brasky sustained the following injuries, some or all of which are permanent in nature:

   a. traumatic brain injury;

   b. subdural/subarachnoid hemorrhage with thickening along the falx and curvilinear hyperintensities along the right parafalcine frontal lobe;

   c. left parafalcine subdural hematoma;

   d. concussion;

4

  e. post-concussive symptoms including headaches, photosensitivity, memory and visual problems, nausea;

  f. traumatic injury to the nose;

  g. deviation of the nasal septum to the left with mild to moderate mucosal edema;

  h. aggravation of prior deviation of the nasal septum;

  i nondisplaced nasal fracture;

  j. traumatic injury to cervical spine with whiplash, strain and numbness in arms;

  k. traumatic injury to thoracic spine;

  l. traumatic injury to low back, and/or aggravation of prior low back injury, resulting in radiating pain and numbness and tingling through buttocks and bilateral lower extremity;

  m. aggravation to degenerative disc disease in lumbar spine;

  n. left sacroiliac joint dysfunction; and,

  o. traumatic injury to right hand with weakness and residual nerve irritation with burning sensation in right third finger.

16. As a result of these injuries and the negligence of defendant Mamatkulov, Darin Brasky has experienced and will experience in the future, pain and suffering.

17. As a result of these injuries and the negligence of defendant Mamatkulov, Darin Brasky has experienced, and will experience in the future, mental and emotional pain and suffering.

18. As a result of these injuries and the negligence of defendant Mamatkulov, Darin Brasky's ability to pursue and enjoy life's activities has been and will be reduced.

19. As a result of these injuries and the negligence of defendant Mamatkulov, Darin Brasky has incurred, and may incur in the future, medical expenses.

20. As a further result of these injuries and the negligence of defendant Mamatkulov, Darin Brasky has lost time from work, lost earnings, and his earning capacity has been reduced.

21. As a result of these injuries to Darin Brasky, his employer has paid and, in the future, will continue to pay workers compensation benefits incurred on account of the injuries which are the subject of this lawsuit.

**SECOND COUNT: (Statutory Recklessness against Defendant Yokubjon Mamatkulov)**

1-6. Paragraphs one through six of the First Count are hereby made paragraphs one through six of this Second Count, as if they were set forth fully herein.

7. On December 2, 2019, at approximately 11:22 p.m., the plaintiff, Darin Brasky, was operating a 2012 orange Freightliner dump truck, owned by the State of Connecticut, in the right lane of I-95 in a southbound direction in Old Lyme, Connecticut, applying salt to the highway.

8. At that date, time and place, defendant Yokubjon Mamatkulov (hereinafter "Mamatkulov") was operating a 2012 red Freightliner Tractor with trailer in the right lane of I-95 in a southbound direction in Old Lyme, Connecticut, behind the Brasky vehicle.

9. At that date, time and place, I-95 was an open and public highway of the State of Connecticut.

10. At that date, time and place, it was actively snowing.

11. At that date, time and place, the road conditions were wet.

12. At that date, time and place, the lights on the truck being operated by Darin Brasky were illuminated and blinking.

13. At that date, time and place, the reflective sign on the truck being operated by Darin Brasky read "Keep 300 Feet Back".

14. At that date, time and place, Darin Brasky was driving the DOT truck approximately 25 miles per hour, in accordance with road salting regulations.

15. At that time, date and place, as he approached the rear of the truck then being operated by Darin Brasky, defendant Mamatkulov failed to slow his tractor and struck the rear of that truck.

16. This collision and the resulting injuries and losses sustained by Darin Brasky were caused by the reckless conduct of defendant Mamatkulov in one or more of the following ways:

    a. he deliberately or with reckless disregard for the safety of others, operated a motor vehicle in violation of Conn. Gen. Stat. Ch. 248, §14-222 (reckless driving);

7

  b. he deliberately or with reckless disregard for the safety of others, operated a motor vehicle in violation of <u>Conn. Gen. Stat.</u> Ch. 248, §14-219 (speeding);

  c. he deliberately or with reckless disregard for the safety of others, operated a motor vehicle in violation of <u>Conn. Gen. Stat.</u> Ch. 248, §14-218a (unreasonable speed).

17. The reckless conduct of defendant Mamatkulov was a substantial factor in causing Darin Brasky's injuries and losses as described herein.

18. As a result of this collision and the recklessness of defendant Mamatkulov described above, Darin Brasky sustained the following injuries, some or all of which are permanent in nature:

  a. traumatic brain injury;

  b. subdural/subarachnoid hemorrhage with thickening along the falx and curvilinear hyperintensities along the right parafalcine frontal lobe;

  c. left parafalcine subdural hematoma;

  d. concussion;

  e. post-concussive symptoms including headaches, photosensitivity, memory and visual problems, nausea;

  f. traumatic injury to the nose;

  g. deviation of the nasal septum to the left with mild to moderate mucosal edema;

  h. aggravation of prior deviation of the nasal septum;

   i.  nondisplaced nasal fracture;

   j.  traumatic injury to cervical spine with whiplash, strain and numbness in arms;

   k.  traumatic injury to thoracic spine;

   l.  traumatic injury to low back, and/or aggravation of prior low back injury, resulting in radiating pain and numbness and tingling through buttocks and bilateral lower extremity;

   m.  aggravation to degenerative disc disease in lumbar spine;

   n.  left sacroiliac joint dysfunction; and,

   o.  traumatic injury to right hand with weakness and residual nerve irritation with burning sensation in right third finger.

19. As a result of these injuries and the recklessness of defendant Mamatkulov, Darin Brasky has experienced and will experience in the future, pain and suffering.

20. As a result of these injuries and the recklessness of defendant Mamatkulov, Darin Brasky has experienced, and will experience in the future, mental and emotional pain and suffering.

21. As a result of these injuries and the recklessness of defendant Mamatkulov, Darin Brasky's ability to pursue and enjoy life's activities has been and will be reduced.

22. As a result of these injuries and the recklessness of defendant Mamatkulov, Darin Brasky has incurred, and may incur in the future, medical expenses.

23. As a further result of these injuries and the recklessness of defendant Mamatkulov, Darin Brasky has lost time from work, lost earnings, and his earning capacity has been reduced.

24. As a result of these injuries to Darin Brasky, his employer has paid and, in the future, will continue to pay workers compensation benefits incurred on account of the injuries which are the subject of this lawsuit.

**THIRD COUNT:** **(Common Law Recklessness against Defendant Yokubjon Mamatkulov)**

1-14. Paragraphs 1 through 14 of the Second Count are hereby made paragraphs 1 through 14 of this Third Count, as though fully set forth herein.

15. This collision and the resulting injuries and losses sustained by Darin Brasky were caused by defendant Mamatkulov in that while operating his tractor, he made the conscious decision to drive his heavy tractor at an excessively high speed on a wet surface during a snow storm, and ignored the blinking lights and reflective sign on a State Department of Transportation vehicle on a major State highway. The excessive speed at which defendant Mamatkulov was traveling, the closeness in which he was following the Brasky vehicle and his disregard of the weather and road conditions, as well as the warnings of a slow moving construction vehicle ahead constitutes a reckless disregard of the safety of others with knowledge that his conduct would involve a serious or high degree of danger to others, or with knowledge of

facts that would disclose this danger to any reasonable person, and yet he drove in such a manner so as to endanger the life of others, including Darin Brasky.

16. As a result of this collision and the recklessness of defendant Mamatkulov described above, Darin Brasky sustained the following injuries, some or all of which are permanent in nature:

    a. traumatic brain injury;

    b. subdural/subarachnoid hemorrhage with thickening along the falx and curvilinear hyperintensities along the right parafalcine frontal lobe;

    c. left parafalcine subdural hematoma;

    d. concussion;

    e. post-concussive symptoms including headaches, photosensitivity, memory and visual problems, nausea;

    f. traumatic injury to the nose;

    g. deviation of the nasal septum to the left with mild to moderate mucosal edema;

    h. aggravation of prior deviation of the nasal septum;

    i nondisplaced nasal fracture;

    j. traumatic injury to cervical spine with whiplash, strain and numbness in arms;

    k. traumatic injury to thoracic spine;

   l. traumatic injury to low back, and/or aggravation of prior low back injury, resulting in radiating pain and numbness and tingling through buttocks and bilateral lower extremity;

   m. aggravation to degenerative disc disease in lumbar spine;

   n. left sacroiliac joint dysfunction; and,

   o. traumatic injury to right hand with weakness and residual nerve irritation with burning sensation in right third finger.

 17. As a result of these injuries and the recklessness of defendant Mamatkulov, Darin Brasky has experienced and will experience in the future, pain and suffering.

 18. As a result of these injuries and the recklessness of defendant Mamatkulov, Darin Brasky has experienced, and will experience in the future, mental and emotional pain and suffering.

 19. As a result of these injuries and the recklessness of defendant Mamatkulov, Darin Brasky's ability to pursue and enjoy life's activities has been and will be reduced.

 20. As a result of these injuries and the recklessness of defendant Mamatkulov, Darin Brasky has incurred, and may incur in the future, medical expenses.

 21. As a further result of these injuries and the recklessness of defendant Mamatkulov, Darin Brasky has lost time from work, lost earnings, and his earning capacity has been reduced.

22.     As a result of these injuries to Darin Brasky, his employer has paid and, in the future, will continue to pay workers compensation benefits incurred on account of the injuries which are the subject of this lawsuit.

**FOURTH COUNT**:  (**Vicarious Liability as to Santiago Rodriguez**)

1-21.   Paragraphs 1 through 21 of the First Count are hereby made paragraphs 1 through 21 of this Fourth Count, as though fully set forth herein.

22.     At the time of the collision, defendant Mamatkulov was an agent, servant, employee and/or statutory employee of defendant Santiago Rodriguez, and was operating the vehicle owned by Rodriguez in the course of his employment pursuant to Conn. Gen. Stat. §52-183.

23.     At the time of the collision, defendant Santiago Rodriguez caused the Freightliner Tractor then being operated by defendant Mamatkulov to be operated on the highway.

24.     Wherefore, defendant Santiago Rodriguez is liable to the plaintiff to the same extent as defendant Mamatkulov for the injuries and losses suffered by plaintiff, Darin Brasky.

**FIFTH COUNT**:     (**Vicarious Liability as to DT&T Logistics, Inc.**)

1-21.   Paragraphs 1 through 21 of the First Count are hereby repeated and set forth as Paragraphs 1 through 21 of this Fifth Count, as though fully set forth herein.

22. At the time of the collision, defendant Mamatkulov was an agent, servant, employee and/or statutory employee of defendant DT&T Logistics, Inc., and was operating the vehicle in the course of his employment.

23. At the time of the collision, defendant DT&T Logistics, Inc. caused the Freightliner Tractor then being operated by defendant Mamatkulov to be operated on the highway.

24. Wherefore, defendant DT&T Logistics, Inc. is liable to the plaintiff to the same extent as defendant Mamatkulov for the injuries and losses suffered by plaintiff, Darin Brasky.

**WHEREFORE,** the plaintiffs seek for judgment as follows:

    a.    Compensatory and consequential damages;

    b.    Double or treble damages in accordance with § 14-295 of the Connecticut General Statutes with respect to the Second Count of the Complaint;

    c.    Punitive damages;

    d.    Attorney's fees as allowed by law;

    e.    Costs of suit;

    f.    Such other relief as the Court deems just and proper.

THE PLAINTIFF,

By _____
Joseph Krevolin, Esq.
Adelman Hirsch & Connors, LLP
1000 Lafayette Boulevard
Bridgeport, CT 06604
Federal Bar No. – ct30281
Tele: (203) 331-8888
Fax: (203) 333-4650
jkrevolin@ahctriallaw.com